UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Thomas Jeremy Davis, | ) | C/A No. 5:15-cv-02398-HMH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | (partial summary dismissal) |
| Robert Reynolds; | ) | |
| Kenneth B. Weedon; | ) | |
| Brian Sterling; | ) | |
| Mr. Ortman, | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.    Factual Background

Thomas Jeremy Davis ("Plaintiff") alleges that he was instructed by Defendant Reynolds to work on a saw without a blade guard on it in the carpentry shop at Walden Correctional Institution. Compl. 3, ECF No. 1. He alleges that Reynolds knew about the condition of the saw and that, on March 10, 2015, Plaintiff cut his little finger so badly on the saw that his finger had to be amputated. He also alleges that he was not given the medications for pain that were prescribed for him and that his stitches were removed without any anesthesia and that it was "torture." ECF No. 1 at 4. Plaintiff alleges that he is still experiencing considerable untreated pain from the incident, and that he specifically told Defendant Weedon about the problems he experienced, but

1

that the warden "blew [him] off [and] just walked off and said there's nothing he can do." *Id*. at 2. There are no allegations of personal involvement by the other two named Defendants in the saw incident or the allegedly resulting injuries to Plaintiff's hand. Plaintiff asks this court to award him damages in the amount of $10,000.00 from each Defendant. *Id*. at 5.

II.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to partial summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

2

III.    Discussion

To assert a plausible § 1983 claim against any particular public official, Plaintiff's allegations must show a causal connection or affirmative link between the conduct of which the plaintiff complains and the official sued.[1] *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976) (a § 1983 plaintiff must show that he suffered a specific injury as a result of specific conduct of a defendant, and an affirmative link between the injury and that conduct);*Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (for an individual to be liable under § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Because there are no allegations showing that either Defendant Stirling or Ortman were personally involved in the saw incident or its aftermath, it appears that Plaintiff named them as Defendants solely based on their status as supervisory officials within SCDC. However, they cannot be held liable under § 1983 for that reason alone.

As a general rule, the doctrine of vicarious liability or *respondeat superior* is not available to a § 1983 plaintiff as a means to create liability of a state-actor supervisor for the acts or his/her subordinate. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). There is a limited

---

[1] Plaintiff's claims for damages allegedly arising from the conditions of his confinement within South Carolina state prisons are properly considered by this court under its federal question jurisdiction pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted) (emphasis added). No other viable basis for the exercise of this court's subject matter jurisdiction over Plaintiff's allegations is evident from the face of the Complaint.

3

exception to the prohibition against imposing *respondeat superior* or vicarious liability on supervisory personnel in § 1983 cases, which has been enunciated in cases such as *Slakan v. Porter*, 737 F.2d 368, 370-75 (4th Cir. 1984). Supervisory officials like SCDC Director Stirling and Head of Education Ortman may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates so long as the facts alleged satisfy the Fourth Circuit Court of Appeals' established three-part test for supervisory liability under § 1983: "(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices'; and (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted).

In *Randall v. Prince George's County*, 302 F.3d 188, 206 (4th Cir. 2002), the Fourth Circuit concluded that, "[u]nder the first prong of *Shaw*, the conduct engaged in by the supervisor's subordinates must be 'pervasive,' meaning that the 'conduct is widespread, or at least has been used on several different occasions.'" Furthermore, in establishing "deliberate indifference" under *Shaw's* second prong, a plaintiff "[o]rdinarily . . . cannot satisfy his burden of proof by pointing to a single incident or isolated incidents . . . for a supervisor cannot be expected . . . to guard against the deliberate criminal acts of his properly trained employees when he has no basis upon which to anticipate the misconduct." *Id.* (quoting *Slakan*, 737 F.2d at 373); *see also Green v. Beck*, No.12-7279, 2013 WL 4517028, *2 (4th Cir. Aug. 27, 2013) (alleged failure of supervisory officials to investigate grievances not sufficient to establish liability under § 1983). The *Slaken* exception is not adequately pled in this case because there are no allegations of any

personal knowledge (or even subjective knowledge) on either Defendant Stirling's or Defendant Ortman's part of the problems with the personnel and equipment in the carpentry shop at Walden that Plaintiff alleges. Thus, regardless of how pervasive the alleged problems at the shop might be, Stirling cannot be found liable for them simply based on his job as the overall "supervisor" at SCDC and Ortman cannot be found liable for them based on his employment as Head of Education at SCDC. Moreover, there are no allegations from which any potential responsibility of Stirling for an unconstitutional SCDC policy or custom could be established nor does Plaintiff seek either injunctive or declaratory relief. *See Sindram v. Saxton*, 955 F.2d 42, at *1 (4th Cir. 1992) (unpublished) (recognizing a policy-enforcement exception to the no-vicarious-liability rule and citing *Monell*); *see also Franks v. Ross*, 313 F.3d 184, 197 (4th Cir. 2002) (Eleventh Amendment does not prevent agency officials from suit for prospective injunctive or declaratory relief, citing *Ex Parte Young*, 209 U.S. 123 (1908)). The lack of any allegations establishing a plausible § 1983 claim against Defendants Stirling and Ortman requires that the Complaint be partially summarily dismissed insofar as it seeks to hold them liable for damages.

IV.     Recommendation

Accordingly, it is recommended that the District Court partially dismiss the Complaint in this case *without prejudice* as to Defendants Stirling and Ortman. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). The Complaint should be served on Defendants Reynolds and Weedon.

IT IS SO RECOMMENDED.

July 16, 2015                                    Kaymani D. West
Florence, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and
Recommendation with the District Judge. Objections must specifically identify the portions of the
Report and Recommendation to which objections are made and the basis for such objections.
"[I]n the absence of a timely filed objection, a district court need not conduct a de novo review,
but instead must 'only satisfy itself that there is no clear error on the face of the record in order to
accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir.
2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of
this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ.
P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by
mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation
will result in waiver of the right to appeal from a judgment of the District Court based upon
such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v.
Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

6