IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Thomas Jeremy Davis,<br>    Plaintiff,<br><br>v.<br><br>Robert Reynolds and Kenneth B. Weedon,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C/A No. 5:15-02398-HMH-KDW<br><br><br><br>Report and Recommendation |

Plaintiff, an inmate with the South Carolina Department of Corrections ("SCDC"), filed this 42 U.S.C. § 1983 action alleging Defendants violated his constitutional rights. This matter is before the court on Defendants' Motion for Summary Judgment. ECF No. 39. As Plaintiff is proceeding pro se, the court entered a *Roseboro* order[1] on November 16, 2015, advising Plaintiff of the importance of such a motion and of the need for him to file an adequate response. ECF No. 40. Plaintiff filed a Response in Opposition to Defendants' Motion for Summary Judgment on November 23, 2015. ECF No. 42. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(d) and (e), D.S.C. Because the Motion is dispositive, a Report and Recommendation is entered for the court's review.

I.     Background

Plaintiff Thomas Jeremy Davis is currently incarcerated at SCDC's Walden Correctional Institution ("WCI"). ECF No. 1 at 2. Plaintiff alleges he is litigating "unsafe work environment [and] neglect for human life" issues. *Id.* Specifically, Plaintiff alleges that on March 10, 2015, he cut his left pinkie down to the top knuckle while working with a jointer machine in the carpentry

---

[1] The court entered a "*Roseboro* order" in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring that the court provide explanation of dismissal/summary judgment procedures to pro se litigants).

shop at WCI. *Id.* at 3. Plaintiff alleges that the guard on the machine was supposed to cover the blade so it would be impossible for the machine user to cut himself but that the "guard on the machine had not been working the whole time [he] was in the class." *Id.* Plaintiff alleges that Defendant Reynolds knew about the condition of the machine and "had us using it anyway." *Id.*

After his finger was cut, Plaintiff maintains that Defendant Reynolds wrapped the injury and took him to operations. *Id.* Once at medical services, Plaintiff represents that nurses gave him a shot and some kind of pain medication. *Id.* Plaintiff was taken to Richland Memorial Hospital where Plaintiff alleges he was not given any pain medicine or antibiotics—that only an x-ray was taken. *Id.* Plaintiff represents that Surgeon Andrew Swentik eventually arrived and treated Plaintiff. *Id.* at 3-4. Plaintiff alleges that Dr. Swentik "had to amputate [his] finger the rest of the way to the knuckle, folded it over, and stitched it up. . . ." *Id.* at 4. Plaintiff maintains he continues to experience pain from the amputation and scarring. *Id.* Plaintiff seeks $10,000.00 in damages from each Defendant for his pain and suffering, the permanent injury, and the disability to his left hand. *Id*. at 5.[2]

II.     Standard of Review

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*     at 248. Further, while the federal court is charged with liberally construing a complaint filed

---

[2] Initially, Plaintiff brought suit against Robert Reynolds, Kenneth B. Weedon, Brian Sterling, and Mr. Ortman. ECF No. 1 at 1. However, Brian Sterling, and Mr. Ortman were dismissed from the action on August 10, 2015. *See* ECF No. 21.

by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    III.    Analysis

        A.  Failure to State a Claim under § 1983 against Defendant Weedon

Defendants maintain that Plaintiff's action against Defendant Weedon should be dismissed because "Plaintiff does not mention Defendant Weedon in the body of the Complaint and does not attempt to describe what Defendant Weedon specifically did or did not do." ECF No. 39-2 at 3. Accordingly, Defendants maintain that Defendant Weedon should be dismissed as a party to this action as well as other "individuals who are not named in the caption and who have not been served with the Summons and Complaint." *Id.* In Response to Defendants' Motion, Plaintiff maintains that Defendant Weedon, as warden of WCI, "is supposed to make 'rounds' through areas including the carpentry shop, and has seen the broken safety guard on the jointer machine, and not doing anything about it, makes him responsible as well." ECF No. 42-1 at 1.

Rule 8 of the Federal Rules of Civil Procedure requires that complaints shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose behind Rule 8 is to give the defendant fair notice of the claims and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Further, the plaintiff is obligated to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ." *Id.* The factual allegations must be enough to raise a right to relief

3

above the speculative level. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The *Twombly* Court noted that defendants will not know how to respond to conclusory allegations, especially when "the pleadings mentioned no specific time, place, or person involved in the alleged conspiracies." *Twombly*, 550 U.S. at 565 n.10. However, *Twombly* did not expressly hold that a plaintiff must assert specific time, place, and persons involved in order to comply with Rule 8. *See Ashcroft*, 556 U.S. at 678 (internal *Twombly* citation omitted) ("As the Court held in *Twombly,* [] the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."); *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 325 (2d Cir. 2010) (finding the *Twombly* court noted, in dicta, that the pleadings there mentioned no specific time, place, or person involved in the alleged conspiracies and rejected defendants' argument that *Twombly* requires a plaintiff identify the specific time, place, or person related to each conspiracy allegation); *Milliken & Co. v. CNA Holdings, Inc.*, 3:08-CV-578-RV, 2011 WL 3444013, at *5 (W.D.N.C. Aug. 8, 2011) (finding other courts have held a plaintiff can survive a motion to dismiss even though he fails to answer who, what, when and where).

Plaintiff is proceeding pro se in this case. Pro se complaints should be construed liberally by this court and are held to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble,* 429 U.S. 97, 105 (1976). Dismissal of a pro se complaint for failure to state a valid claim is only appropriate when, after applying this liberal construction, it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner,* 404 U.S. 519 (1972). The requirement of liberal construction,

4

however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller*, 901 F.2d at 390-91.

Liberally construing Plaintiff's Complaint, the undersigned finds that Plaintiff has not alleged enough facts to withstand dismissal of Defendant Weedon as a party to this action. *See* ECF No. 1. In the three pages of Plaintiff's narrative recounting the carpentry shop incident, Plaintiff does not mention Defendant Weedon by name or reference the Warden of WCI. *See id.* In fact, Defendant Weedon is only referenced once in Plaintiff's Complaint under form questions concerning whether Plaintiff filed grievances prior to filing this action. *Id.* at 2. There, Plaintiff was asked what steps he took during the grievance process and the ultimate result, and he responded: "I also wrote security and Lt Lane on the kiosk and talked to the Warden in person. They all just blew me off, the Warden himself just walked off and said there's nothing he can do." *Id.* Based on the allegations contained in Plaintiff's Complaint, the undersigned finds that Plaintiff has failed to allege a cause of action against Defendant Weedon and the allegations concerning Defendant Weedon's alleged inaction during the grievance process do not give rise to a § 1983 cause of action for deliberate indifference to health and safety. The undersigned notes Plaintiff's Response wherein he indicates that Defendant Weedon also had knowledge of the broken safety guard on the jointer machine and failed to act. ECF No. 42-1 at 1. However, Rule 8 indicates the necessary requirements for a pleading stating a claim for relief. Here, those requirements are not met. Accordingly, the undersigned recommends granting Defendants' motion to dismiss for failure to state a claim and dismissing Defendant Weedon as a party to this action.

Additionally, the undersigned finds that it is not necessary to consider Defendants' argument concerning the individuals who were not named in the Complaint's caption and who have not been served in this action.  These individuals were never made parties to this action, and therefore, it is not necessary to dismiss them.

The undersigned notes that the only cognizable cause of action Plaintiff raised in his Complaint is one for an Eighth Amendment violation for deliberate indifference to his health and safety.  Though Plaintiff provides some narrative concerning the medical aid he received after his injury, he does not allege that Defendants were deliberately indifferent to his medical needs.  Therefore, in the following sections, the undersigned will limit the analysis to only Plaintiff's cause of action for an Eighth Amendment violation for deliberate indifference to his health and safety.

        B.      Deliberate Indifference to Health and Safety

Defendants argue that Plaintiff § 1983 indifference claims are barred because "Plaintiff cannot show that Defendants deprived him of any right or privileges under the Constitution or federal law or that Defendants were deliberately indifferent to his health or safety." ECF No. 39-1 at 4. In Response, Plaintiff argues that Defendants were deliberately indifferent "by knowing about the broken safety guard, and not fixing it, or tagging it out, and still having us use it." ECF No. 42-1 at 1. Plaintiff asserts that Defendant Reynolds' representation that the guard was working amounts to perjury because the guard was not working. *Id.* at 2. Further, Plaintiff instructs the court to "summon the class that was there . . . and ask all of them if it was, and they'll tell you that it was broken, because it was." *Id.* at 3. Plaintiff maintains that the class testimony amounts to evidence. *Id.*

To establish a claim under the Eighth Amendment, a prisoner must satisfy two elements. First, the deprivation alleged must be, objectively, "sufficiently serious." *Wilson v. Seiter,* 501 U.S. 294, 298 (1991). "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." *De'Lonta v. Angelone,* 330 F.3d 630, 634 (4th Cir. 2003). "[T]o demonstrate such an extreme deprivation, a prisoner must allege a serious or significant physical or emotional injury resulting from the challenged conditions or demonstrate a substantial risk of such serious harm resulting from the prisoner's exposure to the challenged conditions or demonstrate a substantial risk of such serious harm resulting from the prisoner's exposure to the challenged conditions." *Id.* (internal quotation marks and citation omitted). Second, a prisoner must present evidence that the prison officials had a "'sufficiently culpable state of mind.'" *Farmer v. Brennan,* 511 U.S. 825, 834 (1994) (quoting *Wilson,* 501 U.S. at 297). When an inmate challenges the conditions of his confinement under the Eighth Amendment, the requisite "state of mind is one of deliberate indifference to inmate health or safety." *Id.* (quotation and citation omitted). A prison official shows deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "In addition, prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted. A prison official's duty under the Eighth Amendment is to ensure reasonable safety." *Id.* at 844 (internal quotation marks omitted).

In support of their Motion, Defendants attach Defendant Reynolds' affidavit. ECF No. 39-2. There, Defendant Reynolds attests that prior to taking the carpentry class, all inmates are required to go through safety and tool training. *Id.* at 2. Additionally, Defendant Reynolds avers:

> [Plaintiff] attended the safety and tool training and passed the tests to be able to be a student in the carpentry class. He knows how to work the jointer machine and knows the risks and dangers of using it. He also knows the safety precautions he needs to take when using the jointer machine. If the guard was not working, he knew or should have known not to use the jointer machine, and he knew or should have known not to clean the jointer machine, if the blade was still spinning.

*Id.* Defendant Reynolds represents that he performs periodic inspections of the machines. *Id.*

On the day of Plaintiff's injury, Defendant Reynolds attests that to his knowledge, "the guard on the jointer machine was working. If the guard was broken, I would have removed (tagged out) the jointer machine, and it would not have been used in the class until it was fixed." *Id.* Defendant Reynolds specifically represents that "[n]one of the inmates, including [Plaintiff], told [him] the guard on the jointer machine was not working." *Id.* Defendant Reynolds further maintains that he did not see Plaintiff injure his hand on the machine but that after his injury, Plaintiff approached him and said "I [screwed] up. . .[and] [a]t that time, [Plaintiff] did not mention that the guard on the jointer machine was not working properly. When [Defendant Reynolds] inspected the jointer machine after the injury, the guard was working." *Id.* at 3. Finally, Defendant Reynolds avers that after Plaintiff's finger healed, "he came back to the carpentry class [and] continues to use the same jointer machine in class [and] uses both hands to work with the wood and machines." *Id.*

Defendants also attached the Incident Report prepared by Defendant Reynolds as an exhibit to their motion. ECF No. 39-3. There, Defendant Reynolds indicated that Plaintiff "informed [him] that he was cleaning the jointer while the blade was still spinning [and] his right

pinky finger contacted the blade and he was cut. He was given first aid and sent to medical." *Id.* The Accident/Incident Report, also attached as an Exhibit, indicates that Plaintiff was injured at the Carpentry Shop when he made contact with a sharp object. ECF No. 39-4.

Here, Plaintiff has failed to present any evidence to the court in form of testimony, affidavits, or otherwise. Rather, Plaintiff is only relying on the allegations contained in his Complaint. There is no indication that Defendant Reynolds knew the blade guard was not in place and posed a danger to students and he failed to take action. In his Response to Summary Judgment, Plaintiff invites the court to take testimony from other inmates in the class to offer support for his allegations. However, it is Plaintiff's burden to produce some evidence that would create a genuine issue of material fact in order to survive summary judgment. *Huff v. Outlaw,* No. 9:09–cv–00520–RBH, 2010 WL 1433470, at *2 (Apr. 8, 2010) ("[T]he law is clear that a plaintiff cannot rely on an unverified complaint in opposing a motion for summary judgment."); *Askins v. Belissary*, No. 4:12-CV-1856-RBH, 2014 WL 507279, at *7 (D.S.C. Feb. 6, 2014) *aff'd*, 564 F. App'x 46 (4th Cir. 2014) (emphasis in original) (referencing Fed. R. Civ. P. 56(c), (e); *Baber v. Hosp. Corp. of Am,* 977 F.2d 872, 875 (4th Cir. 1992) (citing *Celotex,* 477 U.S. at 324)) ("As previously discussed, Plaintiff must submit evidence of specific facts by way of **affidavits, depositions, interrogatories,** or **admissions** to demonstrate the existence of a genuine and material factual issue for trial."). Here, Plaintiff has failed to offer any evidence of deliberate indifference.

At best, it appears Plaintiff is alleging mere negligence by Defendant Reynolds—a claim that is insufficient to support claims of Eighth Amendment violations.[3] *See Farmer,* 511 U.S. at

---

[3] The undersigned offers no opinion on the potential success of a negligence claim if Plaintiff were to pursue such an action.

837; *see also Hill v. Green*, No. 08-CV-13852, 2010 WL 786555, at *3 (E.D. Mich. Mar. 9, 2010). Negligence, in general, is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams,* 474 U.S. 327, 345-48 (1986); *Ruefly v. Landon,* 825 F.2d 792, 798-94 (4th Cir. 1987); and *Pink v. Lester,* 52 F.3d 73, 78 (4th Cir. 1995). Accordingly, the undersigned recommends granting Defendants' motion for summary judgment concerning Plaintiff's cause of action for an Eighth Amendment violation.

        C.      Qualified Immunity

Defendants assert that they are entitled to qualified immunity if their conduct is deemed unconstitutional. ECF No. 39-1 at 8. The Supreme Court in *Harlow v. Fitzgerald* established the standard that the court is to follow in determining whether a defendant is protected by this immunity. That decision held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow*, 457 U.S. 800, 818 (1982).

When evaluating a qualified immunity defense, the court must determine (1) whether the facts alleged, taken in the light most favorable to the plaintiff, show that the defendants' conduct violated a constitutional right, and (2) whether that right was clearly established at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 230-33 (2009). The two prongs of the qualified immunity analysis may be addressed in whatever order is appropriate given the circumstances of the particular case. *Id.* at 236. In determining whether the right violated was clearly established, the court defines the right "in light of the specific context of the case, not as a broad general proposition." *Parrish v. Cleveland*, 372 F.3d 294, 301-03 (4th Cir. 2004). "If the right was not clearly established in the specific context of the case—that is, if it was not clear to

10

a reasonable officer that the conduct in which he allegedly engaged was unlawful in the situation he confronted—then the law affords immunity from suit." *Id.* (citations and internal quotation omitted).

The record before the court shows that Defendant Reynolds performed the discretionary functions of his respective official duties in an objectively reasonable fashion. Defendant did not transgress any statutory or constitutional rights of Plaintiff that he was aware of in the exercise of his respective professional judgments. Thus, to the extent the district judge finds that a constitutional violation occurred, the undersigned recommends that Defendant Reynolds be granted qualified immunity.

### D.     Eleventh Amendment Immunity

Defendants argue that Plaintiff's § 1983 claims against Defendants in their official capacities are barred pursuant to their Eleventh Amendment Immunity. ECF No. 39-1 at 3-4.

The Supreme Court and the Fourth Circuit have held that suits against state officials acting in their official capacities are suits against the State. *See Hafer v. Melo*, 502 U.S. 21, 27 (1991); *Weller*, 901 F.2d at 398. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The United States Supreme Court has long held that the Eleventh Amendment also precludes suits against a state by one of its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). This immunity extends not only to suits against a state per se, but also to suits against agents and instrumentalities of the state. *Cash v. Granville Cnty. Bd. of Ed.*, 242 F.3d 219, 222 (4th Cir. 2001). Because Defendant Reynolds was an agent or employee of the State of South Carolina when acting in his official

capacities, he is not a "person" within the meaning of 42 U.S.C. § 1983. *Will*, 491 U.S. at 71 ("[N]either a state nor its officials acting in their official capacities are 'persons' under § 1983."); *see also Georgia*, 546 U.S. at 159 (finding that any ADA action against individual Defendants in their official capacities is barred by sovereign immunity). A state cannot, without its consent, be sued in a District Court of the United States by one of its own citizens upon the claim that the case is one that arises under the Constitution and laws of the United States. *Edelman*, 415 U.S. at 663. The State of South Carolina has not consented to be sued in this case. S.C. Code Ann. § 15-78-20(e). As an arm of the State, Defendant Reynolds, in his official capacity, is immune from suit under the Eleventh Amendment. Accordingly, the undersigned recommends that Plaintiff's claims against Defendant Reynolds in his official capacity be dismissed.

    E. Dismissal under Prison Litigation Reform Act ("PLRA") and Strike

  Defendants argue that Plaintiff's action is subject to dismissal under the PLRA, 28 U.S.C. § 1915A, and should be counted as a strike against him. ECF No. 39-1 at 10-12.

  The PLRA prohibits inmates who have filed three or more frivolous civil actions from filing more civil actions, except in certain circumstances.[4] 28 U.S.C.A. § 1915A (b) provides: "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." The Fourth Circuit has set forth the standard for determining which cases are subject to

---

[4] 28 U.S.C. § 1915(g) provides: "in no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

the "three-strikes" rule. Under *McLean v. U.S.,* 566 F.3d 391 (4th Cir. 2009), a "strike" may be counted after review of the case if it is frivolous, or if it fails to state a claim upon which relief may be granted. The Fourth Circuit recently held that an action dismissed as frivolous, malicious, or failing to state a claim at summary judgment could constitute a strike under the PLRA's three-strike limitation on *in forma pauperis* proceedings. *Blakely v. Wards,* 738 F.3d 607, 610 (4th Cir. 2013), *as amended* (Oct. 22, 2013) ("Rather, the fact that an action was dismissed as frivolous, malicious, or failing to state a claim, and not the case's procedural posture at dismissal, determines whether the dismissal constitutes a strike under Section 1915(g).").

Plaintiff's Complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure as to one Defendant. The undersigned also notes that Plaintiff failed to offer any evidence in support of his allegations. However, the amount of evidence presented is not a factor that the Fourth Circuit has considered when determining whether a strike should be counted under 28 U.S.C. section 1915(e). Therefore, the undersigned does not recommend counting Plaintiff's civil action as a strike under the PLRA.

IV.    Conclusion and Recommendation

Based on the foregoing, it is recommended that Defendants' Motion for Summary Judgment, ECF No. 39, be granted, and that Plaintiff's case against Defendants be dismissed.

IT IS SO RECOMMENDED.

March 14, 2016                                            Kaymani D. West
Florence, South Carolina                                  United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**